AO 440 (Rev 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern District of New York

Debbie Ginsberg,

        Plaintiff,

V.

Life Insurance Company of North America,

        Defendant.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: 08 CV 4271

**JUDGE HOLWELL**

TO: (Name and address of Defendant)

Life Insurance Company of North America
1601 Chestnut Street
Philadelphia, PA 19192

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Quadrino Schwartz
666 Old Country Road, 9th Fl.
Garden City, NY 11530
(516)745-1122

an answer to the complaint which is served on you with this summons, within ___30___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

CLERK

(By) DEPUTY CLERK

DATE MAY 0 6 2008

**JUDGE HOLWELL**  **08 CV 4271**

Michail Z. Hack (MH-6127)
Quadrino Schwartz
666 Old Country Road - Ninth Floor
Garden City, New York 11530

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

----

DEBBIE GINSBERG,

    Plaintiff,

- against -

LIFE INSURANCE COMPANY OF
NORTH AMERICA,

    Defendant.

----

**COMPLAINT**

**JURY TRIAL
DEMANDED**

RECEIVED MAY 06 2008 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff, DEBBIE GINSBERG, by and through her attorneys, QUADRINO & SCHWARTZ, P.C., as and for her Complaint against Defendant LIFE INSURANCE COMPANY OF NORTH AMERICA hereby sets forth the following:

**THE PARTIES**

1. At all times hereinafter mentioned, Plaintiff DEBBIE GINSBERG (hereinafter "GINSBERG"), was and still is a resident of the County of New York, State of New York.

2. Defendant LIFE INSURANCE COMPANY OF NORTH AMERICA (hereinafter "LINA") offers group long term disability policies to employers such as Plaintiff's employer, Weill Medical College of Cornell University ("Weill Medical").

3. Upon information and belief and at all times hereinafter mentioned, Defendant LINA is a corporation organized and existing under the laws of the State of Pennsylvania

with its principal place of business at 1601 Chestnut Street, Philadelphia, Pennsylvania.

## JURISDICTION AND VENUE

4. Jurisdiction is founded on 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) because the claims herein arise under the Employee Retirement Income Security Act of 1974 [29 U.S.C. §1001 *et seq.*] and the regulations promulgated thereunder.

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§1391(b)(1) and (c) and 29 U.S.C. 1132(e)(2) because Defendant resides in this judicial district, is subject to personal jurisdiction in this judicial district, and maintain contacts in this judicial district sufficient to subject them to personal jurisdiction.

## FACTS

6. At all times hereinafter mentioned, Plaintiff was an employee of Weill Medical.

7. On or about January 1, 2003, Defendant LINA issued Group Long Term Disability policy number NYK-001972 to Weill Medical College of Cornell University. (the "Policy").

8. At all times hereinafter mentioned, said Policy was issued for the benefit of certain eligible Weill Medical employees in exchange for the payment of premiums by Weill Medical.

9. At all times mentioned herein, Plaintiff GINSBERG was an employee of Weill Medical eligible for disability benefits and is an insured under the Policy issued by Defendant, LINA.

10. The Policy provides, *inter alia*, that disability insurance payments will be made to Plaintiff in the event that she becomes disabled due to an injury or sickness.

11. On June 6, 2005, during the period within which the Policy was in full force and effect, and while Plaintiff was an eligible employee, Plaintiff became disabled within the meaning and pursuant to the terms of the Policy in that she was unable to perform each and every material duties of her regular occupation.

2

12. As of this date, Plaintiff GINSBERG continues to be disabled pursuant to the Policy's terms.

13. Plaintiff filed a claim, cooperated with Defendant, provided proper proof of loss, and otherwise complied with the Policy terms and conditions regarding the filing of a claim.

14. On or about March 3, 2006, Defendant LINA advised Plaintiff that she was not eligible for long term disability benefits under the Policy, due to failure to document the severity of her condition.

15. By correspondence dated August 30, 2007, Plaintiff timely submitted her appeal of the LINA's adverse benefit determination.

16. By correspondence dated February 1, 2007, approved part of plaintiff's claim for benefit arrears by otherwise wrongfully upheld its initial adverse benefit determination of March 3, 2006.

17. Plaintiff has exhausted all administrative appeals and remedies to the extent they exist pursuant to the conditions of the employee benefit plan.

## COUNT ONE

### (Breach of Contract 29 U.S.C. § 1132 (A)(1)(B))

18. Under the terms the Policy, Defendant was obligated to pay periodic payment of monthly benefits to Plaintiff so long as she remained disabled under the terms of the policy until she attained the age of 65.

19. Despite Plaintiff's total disability, Defendant refused and continues to refuse to pay benefits pursuant to the Policy, although payment thereof has been duly demanded.

20. Said refusal on the part of Defendant is a willful and wrongful breach of the Policy terms and conditions.

3

21. Monthly benefits to Plaintiff continue to be due and payable by Defendant with the passage of each month.

22. Defendant is a conflicted decision maker because it has a financial interest in the outcome of Plaintiff's claim and said conflict improperly influenced their adverse benefit determinations.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

**WHEREFORE**, Plaintiff, GINSBERG, prays that she may have an order and/or judgment pursuant to ERISA §502(a)(1)(B) as follows:

a) Plaintiff is disabled pursuant to the language and within the meaning of the subject Policy of insurance issued by Defendant, LINA;

b) Defendant LINA must pay all benefits in arrears due and owing since the termination of benefits, plus interest; and

c) LINA's obligation to pay benefits to Plaintiff shall continue as long as she remains totally disabled, subject to the terms of and the applicable benefit period contained in the Policy.

d) Such other relief as the Court deems just and equitable.

e) Reasonable attorneys' fees.

Dated: Garden City, New York
May 6, 2008

By: _____
Michail Z. Hack (MH-6127)
Quadrino Schwartz
666 Old Country Road - Ninth Floor
Garden City, New York 11530
(516) 745-1122
Attorneys for Plaintiff
Debbie Golden-Ginsberg

4

ORIGINAL-WHITE          DUPLICATE-YELLOW          TRIPLICATE-PINK

RECEIPT FOR PAYMENT
UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF NEW YORK

E 649872

at _____

RECEIVED FROM   Quadrino+Schwartz
08CV4271 (RJH)

Fund
6855XX      Deposit Funds
604700      Registry Funds
            General and Special Funds
508800      Immigration Fees
085000      Attorney Admission Fees
086900      Filing Fees
322340      Sale of Publications
322350      Copy Fees
322300      Miscellaneous Fees
143500      Interest
322380      Recoveries of Court Costs
322386      Restitution to U.S. Government
121000      Conscience Fund
129900      Gifts
504100      Crime Victims Fund
613300      Unclaimed Monies
510000      Civil Filing Fee (X)
510100      Registry Fee

Checks and drafts are accepted subject to collection and full credit will only be given when the check or draft has been accepted by the financial institution on which it was drawn

DEPUTY CLERK: _____

DATE: _____  Cash  Check  M.O.  Credit
       20

*QUADRINO SCHWARTZ*
*666 OLD COUNTRY ROAD, 9TH FL.*
*GARDEN CITY, NEW YORK 11530*
*(516)745-1122*
*(516)745-0844 (f)*

## MEMORANDUM

TO:     Ultimate Process Service, Inc.

FROM:   Kumi Perreira, Paralegal

DATE:   May 7, 2008

RE:     Debbie Ginsberg v. Life Insurance Company of North America
        USDC, SDNY - Case No. 08-cv-4271

---

Enclosed please find three copies of the filed Summons in a Civil Action and Complaint for service upon the State Insurance Dept.  Please serve and return the proof of service to our office.

If you should have any questions, please do not hesitate to call the office.

Thanks.