UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEBBIE GINSBERG,                                :

                      Plaintiff,       :     08 Civ. 4271 (RJH)

    - against -                        :

                                                   **Answer**

LIFE INSURANCE COMPANY OF NORTH AMERICA, :

                      Defendants.      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendant CIGNA Life Insurance Company of New York ("CLICNY" or "Defendant")[1], by its attorneys Wilson, Elser, Moskowitz, Edelman & Dicker LLP, as and for its Answer to plaintiff's Complaint ("Complaint"), responds as follows:

The Parties

1. Defendant admits the allegations contained in paragraph "1" of the Complaint.

2. Defendant admits that CLICNY offers group long term disability policies to employers including Weill Medical College of Cornell University. Defendant denies that Life Insurance Company of North America offered a long term disability policy to Weill Medical College of Cornell University.

3. Defendant denies that LINA is a proper defendant in this matter, and states that a response is not necessary with respect to LINA. Defendant further states that CLICNY is a

---

[1] This matter was originally filed by Plaintiff against Life Insurance Company of North America, which is not the proper defendant. By stipulation signed by the parties and submitted to the Court to be signed on June 30, 2008, Life Insurance Company of North America was dismissed as a defendant and CIGNA Life Insurance Company of New York was added.

corporation organized and existing under the laws of the State of New York with its principal place of business in New York, NY.

## Jurisdiction and Venue

4. Defendant admits the allegations contained in paragraph "4" of the Complaint.

5. Defendant admits the allegations in paragraph "5" of the Complaint with respect to Defendant CLICNY.

## Facts

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Complaint and leaves the Plaintiff to her proofs with respect thereto.

7. Defendant admits that CLICNY issued Group Long Term Disability policy number NYK-001972 to Weill Medical College of Cornell University. Defendant denies that LINA issued the Policy.

8. Defendant admits the allegations contained in paragraph "8" of the Complaint.

9. Defendant denies that Plaintiff was an insured under a policy issued by LINA. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "9" of the Complaint and leaves the Plaintiff to her proofs with respect thereto.

10. Defendant denies the allegations contained in paragraph "10" of the Complaint to the extent that they are inconsistent with the language of the subject Policy document, which speaks for itself.

11. Defendant admits that Plaintiff stopped working on June 6, 2005 because of disability. Defendant denies the remaining allegations contained in paragraph "11" of the Complaint and leaves the Plaintiff to her proofs with respect thereto.

12. Defendant denies the allegations contained in paragraph "12" of the Complaint.

13. Defendant admits that Plaintiff filed a claim with CLICNY. Defendant denies the remaining allegations contained in paragraph "13" of the Complaint and leaves the Plaintiff to her proofs with respect thereto.

14. Defendant CLICNY admits that, on or about March 3, 2006, CLICNY advised Plaintiff that she was not eligible for long term disability benefits under the Policy. Defendant denies the remaining allegations contained in paragraph "14" of the Complaint to the extent that they are inconsistent with the language of the documents in the claim file, which speak for themselves. Defendant denies that any actions were taken by LINA with respect to Plaintiff's claim.

15. Defendant denies that any decision on Plaintiff's claim was made by LINA. Defendant admits the remaining allegations contained in paragraph "15" of the Complaint.

16. Defendant denies that its February 1, 2007 affirmance of its initial adverse benefit determination was wrongful. Defendant admits the remaining allegations contained in paragraph "16" of the Complaint.

17. Defendant admits the allegations contained in paragraph "17" of the Complaint.

Count One

(Breach of Contract 29 U.S.C. 1132(A)(1)(B))

18. Defendant denies the allegations contained in paragraph "18" of the Complaint to the extent that they are inconsistent with the language of the subject policy document, which speaks for itself.

19. Defendant denies that Plaintiff has a total disability. Defendant admits that it has not paid any benefits after June 14, 2006, and that Plaintiff has demanded payment of such benefits.

20. Defendant denies the allegations contained in paragraph "20" of the Complaint.

21. Defendant denies the allegations contained in paragraph "21" of the Complaint.

22. Defendant denies the allegations contained in paragraph "22" of the Complaint.

23. Defendant denies the allegations contained in paragraph "23" of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state claims upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

At all relevant times, Defendant acted in good faith and fulfilled its duties and responsibilities to the Plaintiff.

**THIRD AFFIRMATIVE DEFENSE**

Any and all actions taken by Defendant or its agents or employees in the administration of any insurance plan applicable to Plaintiff were taken in strict compliance in conformity with the terms, procedures, and requirements of said plan.

**FOURTH AFFIRMATIVE DEFENSE**

Any and all actions taken by Defendant or its agents or representatives in the administration of any employee benefit plan applicable to Plaintiff and other employees were

taken in good faith and not in an arbitrary, capricious or unreasonable manner, or in a manner that would amount to an abuse of discretion.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a trial by jury of the issues raised in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff may have breached other terms and conditions of the policies issued by Defendant to Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

If the Court should determine the Plaintiff is entitled to disability benefits, which the Defendant denies, then pursuant to the insurance contract the Defendant is entitled to offsets for other income received by the Plaintiff, including but not limited to Social Security Disability benefits, Workers Compensation, and any benefits received from any other group disability plan.

WHEREFORE, defendant CIGNA Life Insurance Company of New York demands judgment against Plaintiff dismissing the Complaint, together with costs and disbursements of this action, and granting such other and further relief as this Court may deem just and proper.

Dated:   White Plains, New York
         June 30, 2008

                                       Respectfully submitted,

                                       WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP


                                       By: s/Emily A. Hayes
                                           Fred N. Knopf (FNK 4625)
                                           Emily A. Hayes (EH 5243)
                                           *Attorneys for the Defendant*
                                           3 Gannett Drive
                                           White Plains, New York 10604
                                           (914) 323-7000

## **CERTIFICATE OF SERVICE**

     I hereby certify that on June 30, 2008, the foregoing Answer to Plaintiff's Complaint was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

    _s/Emily A. Hayes_____
Emily A. Hayes
3 Gannett Drive
White Plains, New York 10604-3407
Phone (914) 323-7000, Ext. 4165
Facsimile (914) 323-7001
emily.hayes@wilsonelser.com